UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID GLENN BROWN,

    Plaintiff,

    v.

CONTRA COSTA COUNTY, et al.,

    Defendants.

No. C 12-1923 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion for an order dismissing the third amended complaint ("TAC") for failure to state a claim came on for hearing before this court on March 13, 2013. Plaintiff David Glenn Brown appeared in propria persona, and defendants appeared by their counsel Peter P. Edrington and James M. Marzan. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

The TAC does not comport with the court's instructions regarding amendment set forth in the October 9, 2012 order granting defendants' motion to dismiss the prior version of the complaint. First, it is insufficient for purposes of pleading to allege a lengthy series of facts, followed by a bare-bones allegation of the elements of each cause of action. It is also insufficient to assert claims generally against "defendants."

For example, plaintiff alleges that "[d]efendants, acting in concert with one another and under color of law, have denied [p]laintiff his full rights and equal benefits of the law

under 42 U.S.C. § 1981," TAC ¶ 81; that "[d]efendants' acts were the result of intentional discrimination," TAC ¶ 82; and that "[d]efendants acting under color of law and in concert with one another have engaged in a continuing pattern and practice of intentional race discrimination against [p]laintiff by act and deed," and "[t]hese actions have violated [plaintiff's] rights to equal protection of the laws" and "have prevented him from working in a non-hostile environment," TAC ¶ 85.

In addition, because the elements of a claim of discrimination differ from those of a claim of harassment or a claim of retaliation, in pleading the claim under 42 U.S.C. § 1981, plaintiff must clarify which of those claims he is asserting and must allege facts supporting the supporting the elements of each. Similarly, in pleading the equal protection claim under § 1983, plaintiff must clarify whether he is asserting discrimination or harassment, and must allege facts supporting the corresponding elements.[1]

With regard to the Monell claim, plaintiff must identify the custom, policy, or practice that is alleged to have resulted in the constitutional violation, and must plead facts sufficient to show that the alleged constitutional violations were carried out pursuant to the County's policy, custom, or practice.

Because the court finds that the TAC fails to state a claim, and because plaintiff's proposed fourth amended complaint suffers from many of the same deficiencies as the TAC, the motion for leave to amend is also DENIED.

Plaintiff's fourth amended complaint ("4thAC") must comport with the instructions in the October 9, 2012 order and must correct the deficiencies identified above, and must be filed no later than April 10, 2013. Defendants' response will be due 21 days thereafter. The 4thAC may not add any causes of action or parties, and plaintiff may not seek leave to

---

[1] Plaintiff cannot allege a claim of retaliation under the § 1983 cause of action because claims of workplace retaliation are outside of the scope of equal protection under the Fourteenth Amendment. See, e.g., Boyd v. Ill. State Police, 384 F.3d 888, 898 (7th Cir. 2004); see also Sizemore v. City of Dallas, 443 F.Supp. 2d 1201, 1204-05 (D. Or. 2009) (holding, based on reasoning in decisions from the First, Second, Sixth, Seventh, and Tenth Circuits, that the plaintiff was precluded from bringing an employment-related retaliation claim under 42 U.S.C. § 1983 for an alleged equal protection violation).

further amend unless the court determines that the 4thAC adequately states a claim.

Finally, as stated at the hearing, plaintiff must read and familiarize himself with the Civil Local Rules of this court, and must follow those rules (including Rule 3-4, which pertains to "Papers Presented for Filing").

**IT IS SO ORDERED.**

Dated: March 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge